UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE BRIEN BRITTAIN,<br><br>                Plaintiff,<br>   vs.<br><br>SHERIFF OF RIVERSIDE COUNTY, et al.,<br><br>                Defendants. | CASE NO. CV 05-1075-R<br><br>FINDINGS OF FACTS AND CONCLUSIONS OF LAW RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

The Court, having considered Defendant Bob Doyle's Motion, the opposition of Plaintiff Jesse Brien Brittain to the motion, Defendant's reply in support of the motion, and all papers filed both in the action and in connection with the motion, hereby GRANTS Defendant's motion and makes the following findings of uncontroverted facts and conclusions of law:

**PROCEDURAL HISTORY**

1. This Court previously granted summary judgment on all claims. The Ninth Circuit partly affirmed and partly reversed and remanded.

**REMAINING PORTIONS OF THE CASE**

2. At the pleadings stage, this Court dismissed portions of the First Amended Complaint

with leave to amend, but Plaintiff elected not to amend. Plaintiff never raised any issues about the order on the motion to dismiss when he appealed to the Ninth Circuit. The following portions of the First Amended Complaint are therefore dismissed:

* The portions of the first claim based on freedom of the press
* The portions of the first claim based on freedom of association
* Entire claim three
* Entire claim four
* Entire claim five

3. This Court granted summary judgment on all state law claims. Plaintiff never appealed any state law claims and the Ninth Circuit therefore did not address them. All state law claims are resolved.

4. The Ninth Circuit affirmed summary judgment in favor of Dr. Laus.

5. The Ninth Circuit expressly declined to consider most of Plaintiff's claims because they were not raised in the opening brief. When a party fails to raise issues in the opening brief, those issues are waived, and a remand on issues which were raised does not include the waived issues. *See Christian Legal Society Chapter of the University of California v. Wu*, 626 F.3d 483, 487 (9th Cir. 2010); *United States v. Alonso*, 48 F.3d 1536, 1544-45 (9th Cir. 1995).

5. Bob Doyle is the only remaining defendant.

6. The only remaining federal claims preserved in the opening brief are:

* Placement in a jail rather than a mental health facility
* Placement in protective custody / administrative segregation

All other claims have been resolved. No other claim was remanded by the Ninth Circuit.

**PLAINTIFF'S CRIMINAL AND SEXUALLY VIOLENT PREDATOR HISTORY**

7. A petition was filed on June 23, 1999, to declare Plaintiff a sexually violent predator, Case number RIC 354954. The petition was originally filed in San Bernardino, but was later transferred to Riverside. The petition lists multiple convictions under Penal Code § 288(a).

8. Penal Code § 288(a) applies to lewd and lascivious acts on a child under the age of 14. A report by the State Department of Mental Health provides a more detail summary of Plaintiff's

history of sex crimes.

## PLAINTIFF'S HOUSING IN RIVERSIDE JAILS

9. For a time, the court ordered Plaintiff transferred to Riverside for hearings and ordered him incarcerated in County jails for those hearings.

10. Plaintiff was last house in a County jail in 2005.

## QUALIFIED IMMUNITY LAW

11. The Ninth Circuit expressly declined to address the issue of qualified immunity and instead remanded that issue to this Court for decision.

12. A defendant sued in an individual capacity is not liable merely because that defendant did something or failed to do something that in hindsight violated federal law. Rather, the plaintiff must also prove that, *at the time of the events at issue*, the defendant's actions violated clearly established law. This has two separate aspects.

13. First, a defendant is not liable if the law applicable to the conduct at issue was not clearly established as of the date of the act. *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001).

14. Second, even if the law was clearly established, oftentimes the law requires "reasonable" conduct or requires a defendant to balance several competing interests. It is often difficult to predict in advance how a court will rule on these issues. Qualified immunity applies if a reasonable public employee familiar with the law "could have believed" that the challenged actions complied with the law, even if the court in hindsight disagrees. *Galvin v. Hay*, 361 F.3d 1134, 1139 (9th Cir. 2004).

15. A finding that the defendant did violate the federal constitution does not preclude a finding that qualified immunity applies. *Prison Legal News v. Lehman*, 397 F.3d 692, 702 (9th Cir. 2005) (finding a violation but also finding qualified immunity because a reasonable officer familiar with the cases could have believed the actions to be constitutional).

16. Anything a federal court did find to be constitutional is something a reasonable public employee could find constitutional. Cases finding the same conduct constitutional therefore mean that the defendant did not violate clearly established law.

///

## RELEVANT TIME PERIOD

17. Since Plaintiff was last housed in County jails in 2005, the question is whether the law was clearly established in and prior to 2005.

## CALIFORNIA'S SEXUALLY VIOLENT PREDATOR LAW

18. California law provides that a person may be held after a criminal sentence has been served if that person is a sexually violent predator. *Hubbart v. Superior Court*, 19 Cal. 4th 1138 (1999), addressed a challenge to the constitutionality of California's Sexually Violent Predator Act. The California Supreme Court upheld the validity of the law, and in the process, explained its background, purpose, and operation.

## FEDERAL LAW CONCERNING SEXUALLY VIOLENT PREDATORS AS OF 2005

19. The leading Ninth Circuit case is *Jones v. Blanas*, 393 F.3d 918 (9th Cir. 2004), cert. den. 546 U.S. 820. The court held that people being held awaiting a hearing to determine whether they qualify as sexually violent predators cannot be punished, but they can be confined, and that reasonable steps consistent with confinement are proper. The court held that if the conditions of confinement are identical to the conditions applicable to criminal defendants, there is a presumption of punishment, but the presumption can be rebutted by a showing of a legitimate need for the restrictions.

## APPLICATION OF THE LAW TO PLAINTIFF'S CONTENTIONS

**Housing in a jail**

20. Plaintiff contends he should have been housed in a medical facility rather than the jail. A sexually violent predator, and persons who are being held subject to a determination of whether they should be held under that statute, are properly confined under conditions which prevent them from leaving the facility. As the Ninth Circuit state in *Jones*, "Legitimate, non-punitive government interests include ensuring a detainee's presence at trial, maintaining jail security, and effective management of a detention facility." *Jones*, 393 F.3d at 932.

21. *Jones* expressly did not preclude housing in a jail. *Jones*, 393 F.3d at 932. *Munoz v. Kolender*, 208 F. Suppp. 2d 1125, 1143 (S.D. Cal. 2002), and *Wolfenbarger v. Black*, 2008 U.S. Dist. Lexis 24439, * 39 (E.D. Cal. 2008), both expressly upheld housing in a jail. *Odom v.*

*Kolender*, 259 Fed. Appx. 41 (9th Cir. 2007), found no clearly established law about where civil detainees should be housed.

22. Since there was no law precluding housing in a jail, and cases expressly allowed housing in a jail, housing Plaintiff in a jail did not violate any clearly established law.

**Housing in protective custody / administrative segregation**

23. Plaintiff was housed in protective custody / administrative segregation. *Jones* held that sexually violent predators cannot be held in the general jail population, but it did not decide where they should be held. 393 F.3d at 934. As *Hubbart* noted, California law requires sexually violent predators to be housed separately from the general jail population. 19 Cal. 4th at 1176.

24. In addition, Plaintiff had been convicted of lewd acts on a child under the age of 14 and was, therefore, at significant risk of injury if placed in the general jail population.

25. While at the Riverside jails, Plaintiff was always housed with other people who were also awaiting trial on whether they qualified as sexually violent predators. He was not housed with criminal inmates. This was the only secure place the County jails had available to house people other than with the general population.

26. Housing in protective custody / administrative segregation is not punishment, but simply housing apart from the general population as both federal and California law require.

27. Multiple cases upheld housing those awaiting decision on sexually violent predator petitions in protective custody or administrative segregation. *Munoz v. Kolender*, 208 F. Suppp. 2d 1125, 1143 (S.D. Cal. 2002); *Wolfenbarger v. Black*, 2008 U.S. Dist. Lexis 24439, * 39 (E.D. Cal. 2008); *LaBlanc v. San Bernardino County Board of Supervisors*, 2010 WL 5559683 (C.D. Cal. 2011).

28. Since this was the only available place to house Plaintiff, and no clearly established law prohibited housing in protective custody / administrative segregation and multiple cases allowed it, qualified immunity applies.

**THE STATUTE OF LIMITATIONS BARS MUCH OF PLAINTIFF'S CASE**

29. This lawsuit was filed on November 22, 2005. Federal law adopts the state statute of limitations applicable to personal injury actions. The California statute of limitations for personal

injury actions is two years.  Cal. Code of Civil Procedure § 335.1.  *See Action Apartment Association v. Santa Monica Rent Control Board*, 509 F.3d 1020, 1026 (9th Cir. 2007).

30.  This case is therefore time-barred as to anything which allegedly occurred prior to November 22, 2003.

IT IS HEREBY ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment is GRANTED.

Dated:  December 9, 2011.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE